**Omar Adrian RODRIGUEZ–PEREZ, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 04–70084.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 17, 2009 *.

Filed Dec. 7, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Diana M. Bailey, Law Office of Diana M. Bailey, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Virginia Lum Fax, Anthony W. Norwood, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC,

Before: ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

### MEMORANDUM **

Omar Adrian Rodriguez–Perez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying voluntary departure and a waiver of inadmissibility under 8 U.S.C. § 1182(h). Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law and constitutional claims. *Vasquez–Zavala v. Ashcroft,* 324 F.3d 1105, 1107 (9th Cir.2003). We dismiss in part and deny in part the petition for review.

█ We lack jurisdiction to review Rodriguez–Perez's contention that the IJ erred and violated due process by failing to in-

** This disposition is not appropriate for publication and is not precedent except as provid-

form him of the availability of pre-hearing voluntary departure because Rodriguez–Perez failed to raise this contention before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004).

█ The agency did not err in requiring Rodriguez–Perez to establish the good moral character required under 8 U.S.C. § 1229c(b)(1)(B). *See* 8 C.F.R. § 1240.26(b)(1)(i)(A)–(B).

█ Assuming without deciding that Rodriguez–Perez has standing to raise his equal protection challenge to 8 U.S.C. § 1182(h), we conclude that Rodriguez–Perez's claim is foreclosed on the merits by *Taniguchi v. Schultz,* 303 F.3d 950, 957–58 (9th Cir.2002).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**